IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Sandra Capps,<br><br>Plaintiff,<br><br>v.<br><br>Winn-Dixie Stores, Inc.,<br><br>Defendant. | Civil Action No.<br>3:19-CV-571 |

### NOTICE OF REMOVAL

Defendant Winn-Dixie Montgomery, LLC, incorrectly named in the Complaint as Winn-Dixie Stores, Inc., by and through the undersigned counsel, gives notice of removal of the above-captioned civil action pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b)-(c), and shows as follows:

1. Plaintiff Sandra Capps ("Capps") alleges in her Complaint she is an individual Alabama resident.

2. Defendant Winn-Dixie Montgomery, LLC[1] is a Florida corporation.

3. The citizenship of fictitious defendants is disregarded pursuant to 28 U.S.C. § 1441(b)(1).

---

[1] Winn-Dixie Montgomery, LLC was incorrectly identified in the Complaint as Winn-Dixie Stores, Inc., which is also a Florida corporation.

4. On July 9, 2019, Plaintiff filed a Complaint in the Circuit Court of Russell County, Alabama alleging that on or about July 24, 2017, Plaintiff slipped and fell on Defendant's premises due to Defendant's negligence.

5. This notice is filed within 30 days of service of the Complaint.

6. In the Complaint, Plaintiff claims the amount in controversy does not exceed $74,999.00.

7. Although 28 U.S.C. § 1446(c) provides "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," the statute provides an exception, such that "the notice of removal may assert the amount in controversy if the initial pleading seeks -- ... (ii) a money judgment, but the State practice ... permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii).

8. As this Court has previously noted: "Alabama ... permits recovery of damages exceeding the amount claimed in the *ad damnum* clause." *Harris v. Aghababaei*, 81 F.Supp.3d 1278, 1281 (M.D. Ala. 2015) (citing Ala. R. Civ. P. 54(c) ("Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.")).

9. On December 21, 2018, Plaintiff sent a settlement demand to Defendant, in which Plaintiff identified $18,486.26 in medical expenses and stated:

> it would certainly be reasonable, and probably too conservative to assume that a Russell County jury would apply a multiplier of at least ten times special damages. Even this conservative approach would yield a verdict for general damages in excess of $180,000.00.

Exhibit 1 at p. 7 of 8. Thus, Plaintiff's *conservative* estimate of the actual amount in controversy is in excess of $180,000.00, which far exceeds the jurisdictional threshold required for removal.

10. The Court is permitted to consider "other paper from which it may ... be ascertained" the amount in controversy is met. 28 U.S.C. § 1446(b)(3).

11. Defendant has demonstrated by a preponderance of the evidence the damages sought by Plaintiff establish the amount in controversy, based on Plaintiff's analysis of the likely verdict amount.

12. Pursuant to 28 U.S.C. § 1446(a), Defendant files herewith as Exhibit 2, a copy of all civil processes, pleadings and orders served on Defendant in *Sandra Capps v. Winn-Dixie Stores, Inc.*, Civil Action No. 57-CV-2019-900192, in the Circuit Court of Russell County, Alabama.

WHEREFORE, the aforesaid action is hereby removed from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted,

/s/ Richard W. Lewis

Richard W. Lewis (ASB-1812-L75R))
Brandi B. Frederick (ASB-4725-B59B)
Attorneys for Defendant Winn-Dixie Montgomery, LLC

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South
Suite 100
Birmingham, AL 35226
(205) 870-3767 phone
(205) 870-3768 fax
r-lewis@maplaw.com
bfrederick@maplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of August, 2019, I have served a copy of the above and foregoing on counsel for all parties by:

X        United States Mail, postage prepaid and properly addressed to:

David C. Rayfield
Waldrep Mullin & Callahan, LLC
P.O. Box 351
Columbus, GA  31902
Email Address: davidrayfield@waldrepmullin.com
    Attorney For: Sandra Capps

/s/
OF COUNSEL