Exhibit 2

ELECTRONICALLY FILED
7/9/2019 1:37 PM
57-CV-2019-900192.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| SANDRA CAPPS )<br><br>  Plaintiff, )<br><br>v. )<br><br>WINN-DIXIE STORES, INC., )<br>FICTITIOUS DEFENDANTS 1-10 Being )<br>the True and Correct Legal Name of the )<br>Named Defendant Whose True and )<br>Correct Identity is Currently Unknown, )<br>but will be Substituted Upon Discovery, )<br>and FICTITIOUS DEFENDANTS )<br>11-20 Being those Individuals and/or )<br>Entities that Caused and/or Contributed )<br>to the Wrongs and Injuries/Damages )<br>Alleged herein, Whose True and Correct )<br>Identities are Currently Unknown, but )<br>will be Substituted Upon Discovery, )<br><br>  Defendants. ) | Civil Action No. _____ |

### COMPLAINT

COMES NOW Plaintiff Sandra Capps ("Plaintiff"), and files this Complaint against

Winn-Dixie Stores, Inc., Fictitious Defendants 1-10 and Fictitious Defendants 11-20, and alleges

as follows:

### PARTIES JURISDICTION AND VENUE

1.

Plaintiff Sandra Capps is over the age of 19 and a citizen of the State of Alabama.

2.

Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie) is a foreign corporation authorized to

transact business in the State of Alabama. Defendant Winn-Dixie is a subsidiary of Southeastern

Grocers. Defendant Winn-Dixie may be served with process by serving its registered agent of

service, to-wit: Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104.

3.

Winn-Dixie operates a store located at 3952 U.S. Highway 80, Phenix City, Russell County, Alabama (hereinafter "Store #433").

4.

Fictitious Defendants 1-10 being the true and correct legal name of the named Defendant whose true and correct legal names are currently unknown, but will be substituted upon discovery.

5.

Fictitious Defendants 11-20 being those individuals and/or entities who/which committed and/or contributed to the wrongs alleged herein and/or aided and abetted said wrongs, whose true and correct identities are currently unknown, but will be substituted upon discovery.

6.

The amount in controversy is within the jurisdictional limit of this Honorable Court and does not exceed $74,999.99.

7.

Jurisdiction and venue are proper in this Court.

## **FACTS**

8.

On July 24, 2017, Plaintiff visited Winn-Dixie's Store #433 as an invitee.

9.

While shopping, Plaintiff was walking down one of the aisles when her feet slipped out from underneath her when she stepped on a slippery substance.

10.

The floor Plaintiff landed on was covered with a fluid that was clear in color and/or closely matched the color of the floor.

11.

Winn-Dixie had superior knowledge of the store condition as, well prior to the fall, an employee of Winn-Dixie had discovered the spill but failed to post any warnings, clean the spill, and/or stay with the spill in disregard of store policy.

12.

When Plaintiff stepped onto the fluid, her feet slipped out from under her causing Plaintiff to fall and suffer injuries.

13.

The fluid on the floor created a hazardous condition.

14.

While in an area open to invitees and expected to be traversed by said invitees, Plaintiff slipped due to a hazard previously discovered by Winn-Dixie which caused Plaintiff to sustain injuries.

15.

The dangerous condition was not open and obvious.

Exhibit 2

## **COUNT ONE: NEGLIGENCE**

16.

Plaintiff incorporates the allegations contained in paragraphs 1 through 15 as if set forth fully herein.

17.

On or about July 24, 2017, Winn-Dixie and Fictitious Defendants 1-10 and 11-20 and their employees owed a duty to Plaintiff to exercise reasonable care to maintain and keep its premises in a reasonable and safe condition, and to warn the public of unsafe and hazardous conditions.

18.

Winn-Dixie and Fictitious Defendants 1-10 and 11-20 breached said duty by failing to maintain and keep its premises in a reasonable and safe condition, and failed to warn the public of the unsafe and hazardous conditions.

19.

As a direct and proximate result of Winn-Dixie and Fictitious Defendants 1-10 and 11-20's negligence, Plaintiff sustained physical injuries that have required, and will continue to require, medical treatment to address.

20.

As a direct and proximate result of Winn-Dixie and Fictitious Defendants 1-10 and 11-20's negligence, Plaintiff experienced, and will continue to experience, pain and suffering from her physical injuries.

Exhibit 2

21.

As a direct and proximate result of Winn-Dixie and Fictitious Defendants 1-10 and 11-20's negligence, Plaintiff sustained, and will continue to sustain, emotional distress and mental anguish.

22.

As a direct and proximate result of Winn-Dixie and Fictitious Defendants 1-10 and 11-20's negligence, Plaintiff suffered, and will continue to suffer, economic loss, including medical expenses.

23.

Plaintiff is entitled to recover compensatory damages, including past, present, and future medical expenses and compensatory damages for all components of physical and mental pain and suffering, past, present and future and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Sandra Capps, prays and respectfully demands the following:

a)   That Defendant be served with summons, process and a copy of this Complaint as provided by law;

b)   That Plaintiff have a trial by jury on all issues so triable;

c)   That Plaintiff obtain judgment for compensatory damages and recovery on the amount therein;

d)   For such other and further relief as the Court deems just and proper under the circumstances.

(Signature on Following Page)

Exhibit 2

Respectfully submitted this 9th day of July, 2019.

WALDREP, MULLIN & CALLAHAN, LLC

*/s/ David C. Rayfield*

David C. Rayfield (RAY029)
P.O. Box 351
Columbus, GA 31902-0351
(706) 320-0600
(706) 320-0622 (fax)
davidrayfield@waldrepmullin.com

**Attorney for Plaintiff**

Exhibit 2

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

This 9th day of July, 2019.

*/s/ David C. Rayfield*
David C. Rayfield

Exhibit 2

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Plaintiff requests service by certified mail pursuant to Rule 4(i)(2) on the following:

Winn-Dixie Stores, Inc.
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

This 9th day of July, 2019.

*/s/ David C. Rayfield*
David C. Rayfield