**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| SANDRA CAPPS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:19-CV-571 |
| ) | |
| WINN-DIXIE STORES, INC., et. al. ) | |
| ) | |
| Defendants. ) | |

**MOTION TO REMAND AND BRIEF IN SUPPORT**

COMES NOW Plaintiff Sandra Capps ("Plaintiff"), and moves this Court to remand the above-styled matter back to the Circuit Court of Russell County, Alabama and for grounds therefore states as follows:

1. Plaintiff's Complaint on its face does not plead any federal cause of action. Accordingly, this Court could only have jurisdiction over this matter if it had diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. Although there is complete diversity between Plaintiff and Defendant, Plaintiff specifically pled that the amount in controversy did not exceed $74,999.99 and, as will be shown herein, Defendant fails to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

3. "Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear." *Harris v. Aghababaei*, 81 F. Supp. 3d 1278, 1279 (M.D. Ala. 2015). The removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id*. at 1281. In determining whether diversity exists, this Court will examine the facts as they stood at the

time of removal and apply its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1282. "[R]emoval statutes are narrowly construed; [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), *superseded in part by statute*, 28 U.S.C. § 1446; *see also Darryl L. Brown v. Ford Motor Company*, No. 2:19-CV-159-SRW, 2019 WL 4072404, at *1 (M.D. Ala. Aug. 28, 2019) ("The removal statute, 28 U.S.C. § 1441, is strictly construed against the party seeking to establish grounds for removal, such that all doubts about removal must be resolved in favor of remand.").

4. Here, Defendant relies exclusively on a December 21, 2018 letter from Plaintiff as the basis for removal of this case. Said letter makes a demand for $75,000 to resolve Plaintiff's claim. It also incorrectly states that Plaintiff's damages for medical expenses were $18,486.26 when the actual measure of her damages for medical expenses is significantly lower.

5. Under Alabama law, "Plaintiff's measure of damages for medical expenses will be based on what Plaintiff is obligated to reimburse, any additional expense he is legally obligated to pay, and any cost to him for applicable coverage." *Shelley v. White*, 711 F. Supp. 2d 1295, 1297–98 (M.D. Ala. 2010). Here, Blue Cross Blue Shield of Alabama ("BCBS") has asserted a subrogation claim in the amount of $7,823.75 for medical treatment received by Plaintiff. The BCBS subrogation claim is not referenced or acknowledged in Plaintiff's December 21, 2018 settlement letter.

6. Regarding pre-suit settlement demands:

A settlement demand letter will not alone establish that the amount in controversy exceeds $75,000, but "it counts for something." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). Because "[s]ettlement offers commonly reflect puffing and posturing," they generally are "entitled to little weight in measuring

the preponderance of the evidence." *Jackson v. Select Portfolio Servicing, Inc.,* 651 F.Supp.2d 1279, 1281 (S.D.Ala.2009) (citing *Hall v. CSX Transp., Inc.,* No. 3:06–CV–37–WKW, 2006 WL 3313682, at *3 n. 5 (M.D.Ala. Nov.14, 2006)). <u>A settlement offer will only be entitled to additional weight when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim</u>. *See Standridge v. Wal–Mart Stores, Inc.,* 945 F.Supp. 252, 256–57 (N.D.Ga.1996) (citing *Golden Apple Mgmt. Co. v. Geac Computers, Inc.,* 990 F.Supp. 1368 (M.D.Ala.1998)).

*Perkins v. Merion Realty Servs., LLC*, No. 2:14-CV-1171-WKW, 2015 WL 998198, at *2 (M.D. Ala. Mar. 6, 2015) (emphasis added).

7. Subsequent to the December 21, 2018 settlement letter exclusively relied upon by Defendant on removal, Plaintiff sent another pre-suit settlement letter on April 17, 2019. *See* Affidavit of David Rayfield attached hereto as Exhibit 1 with the April 17, 2019 letter attached thereto. This settlement letter is the only communication from Plaintiff to Defendant recognizing the correct measure of damages that will actually support her claim for recovery. Said letter attaches the subrogation claim from BCBS in the amount of $7,823.75, and Plaintiff relies on that amount in making a demand for $60,000.00, well below the jurisdictional threshold.

8. When analyzing the actual evidence that will be the measure of damages in this case, i.e. the amount paid by BCBS as opposed to her total medical billing pre-insurance payment, the reasonable assessment by Plaintiff of her claim was $60,000.00. Plaintiff's December 21, 2018 did not analyze the proper measure of damages for medical expenses and therefore standing alone cannot be considered a reasonable assessment of Plaintiff's claim.

9. For the foregoing reasons, this case is required to be remanded to the Circuit Court of Russell County, Alabama.

(Signature on Following Page)

Respectfully submitted this 9th day of September, 2019.

                                       /s/David C. Rayfield
                                       David C. Rayfield (RAY029)
                                       WALDREP, MULLIN & CALLAHAN, LLC
                                       Post Office Box 351
                                       Columbus, Georgia 31902-0351
                                       T: (706) 320-0600
                                       F: (706) 320-0622
                                       davidrayfield@waldrepmullin.com

                                       **Attorney for Plaintiff Sandra Capps**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served upon the following counsel a copy of this via electronic mail as follows:

Richard W. Lewis
Brandi B. Frederick
AUSTILL LEWIS PIPKIN & MADDOX, P.C.
600 Century Park South
Suite 100
Birmingham, Alabama  35226
r-lewis@maplaw.com
bfedercik@maplaw.com

*Attorneys for Defendant Winn-Dixie Montgomery, LLC*

This the 9th day of September, 2019.

/s/David C. Rayfield
David C. Rayfield (RAY029)
WALDREP, MULLIN & CALLAHAN, LLC
Post Office Box 351
Columbus, Georgia 31902-0351
T: (706) 320-0600
F: (706) 320-0622
davidrayfield@waldrepmullin.com

**Attorney for Plaintiff Sandra Capps**