IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANDRA CAPPS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:19-cv-00571-ALB-SMD |
| WINN-DIXIE STORES, INC., et al., | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Sandra Capps's Motion to Remand. (Doc. 8). Upon consideration, the motion is **GRANTED**.

This case was timely removed from the Circuit Court of Russell County, Alabama ("Circuit Court"), on August 8, 2019, based on a claim of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). It is undisputed that the parties are diverse. The only question is whether the amount in controversy exceeds $75,000.

In her Complaint, Plaintiff asserts a simple negligence claim for an alleged slip-and-fall accident that occurred on Defendant's premises. *See* Doc. 1-1. Plaintiff seeks compensatory damages but disclaims damages over $74,999.99. (Doc. 1-1, ¶ 6). In her motion to remand, Plaintiff argues that this case should be remanded to the Circuit Court because the amount in controversy—as explicitly stated in her Complaint—does not exceed $75,000. She claims this representation is supported

by her pre-suit settlement demands for less than the jurisdictional minimum. Nevertheless, Defendant argues that the amount in controversy has been satisfied based on two sentences in Plaintiff's first pre-suit demand letter to Defendant on December 21, 2018. Though in the letter Plaintiff only demands $75,000 in damages, Plaintiff's counsel notes that, based on his experience practicing in Russell County, "it would certainly be reasonable, and probably too conservative to assume that a Russell County jury would apply a multiplier of at least ten times special damages," which "would yield a verdict for general damages in excess of $180,000." (Doc. 1-2).

In a removal action based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But there is an exception:

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State court practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

*Id.* Because Plaintiff seeks a money judgment in the Complaint and Alabama permits recovery of damages in excess of the amount demanded in the Complaint, the Court must determine whether Defendant has shown by a preponderance of the evidence that the amount-in-controversy threshold has been satisfied. *See Harris v. Aghababaei*, 81 F. Supp. 3d 1278, 1280-81 (M.D. Ala. 2015) (applying preponderance of the evidence standard under 28 U.S.C. § 1446(c)(2) where plaintiff's complaint asserted damages not exceeding $74,500); Ala. R. Civ. P. 54(c) (allowing a party to recover the damages to which it is entitled "even if the party has not demanded such relief in the party's pleadings").

Plaintiff expressly states on the face of the Complaint that the amount in controversy in this action does not exceed $74,999.99. Because Defendant appears to concede that the amount in controversy is not satisfied on the face of the Complaint (and the Court agrees), the Court considers Defendant's Notice of Removal and the additional evidence submitted by the parties to determine whether the jurisdictional threshold has been satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) (recognizing that if a plaintiff challenges the amount-in-controversy allegations in a defendant's notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (recognizing that a defendant can meet

its burden by showing the complaint is removable on its face or "by providing additional evidence demonstrating that removal is proper").

The only evidence Defendant offers to show that the amount in controversy exceeds $75,000 is Plaintiff's December 21, 2018 settlement demand letter. "[A] settlement offer, by itself, may not be determinative" of the amount in controversy, but "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Settlement offers are generally given little weight in determining the amount in controversy because they often "reflect puffing and posturing." *Perkins v. Merion Realty Services, LLC*, No. 2:14-cv-1171, 2015 WL 998198, at *2 (M.D. Ala. Mar. 6, 2015). But when a settlement offer "provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim," it is afforded additional weight. *Id.* Here, unlike most cases where defendants rely on the plaintiff's settlement *demand* to show that the amount in controversy exceeds the jurisdictional minimum, Defendant argues that Plaintiff's counsel's statements in the demand letter, not the demand itself, show that the amount-in-controversy threshold has been met. The Court does not find this argument persuasive.

First, the Court finds that Plaintiff's counsel's statement that a Russell County jury would apply a multiplier of at least ten to return a verdict for damages in excess of $180,000 is mere posturing for purposes of settlement negotiations. That this

4

amount does not reflect "a reasonable assessment of the value of [Plaintiff's] claim" is evidenced by the fact that Plaintiff's demands for damages have never exceeded $75,000, even in the very demand letter in which Plaintiff's counsel made those statements. To be sure, though the December 21, 2018 demand letter sets forth Plaintiff's specific injuries and medical expenses (albeit an erroneous over-calculation of Plaintiff's medical expenses), Plaintiff's counsel's assessment of damages based on those injuries and expenses was $75,000—the amount demanded. (Doc. 1-2). Further, after learning that Plaintiff's medical expenses were significantly lower than originally believed, Plaintiff's counsel sent a second pre-suit demand letter revising Plaintiff's initial demand to $60,000 in damages. (Doc. 8-1). As a result, the Court affords little weight to the two sentences relied upon by Defendant in Plaintiff's initial demand letter.

Second, Plaintiff has presented evidence that her medical expenses in this action are only $7,823.75. Defendant argues that, based on Plaintiff's December 21, 2018 demand letter, the Court should apply a "ten times multiplier" to Plaintiff's medical expenses to reach the jurisdictional threshold. The Court declines to do so. Based on the Court's experience and common sense in actions of this nature, applying such a multiplier would not only be speculative but also unreasonable.

Finally, the Court takes seriously Plaintiff's consistent representations that she is seeking damages for less than the jurisdictional minimum. Though not

determinative, these representations bolster the Court's conclusion that Defendant has failed to show by a preponderance of the evidence that the requisite amount in controversy has been met in this case. *Harris*, 81 F. Supp. 3d at 1283 ("[T]he court takes seriously Plaintiffs' consistent representations through counsel of their own damages as not exceeding $74,500 . . . as counsel for Plaintiffs have a duty of candor to the tribunal, and therefore the court takes these representations as true and correct."); *see Land Clearing Co., LLC v. Navistar, Inc.*, No. 11-0645, 2012 WL 206171, at *4 (S.D. Ala. Jan. 24, 2012) (recognizing that the plaintiff's "pre- and post-removal initial settlement demands of $67,500 . . . tend to show that plaintiff believes its claims are worth less than the jurisdictional threshold").

For the foregoing reasons, the Court concludes that Defendant has not met its burden to show that the amount in controversy is satisfied for purposes of diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is **GRANTED.**

**DONE** and **ORDERED** this 1st day of November 2019.

/s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE